United States District Court
Northern District of California

1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6

7    RAMON HERNANDEZ, et al.,              Case No. 23-cv-04093-WHO
8                    Plaintiffs,
9          v.                             ORDER GRANTING PLAINTIFFS'
                                          MOTION TO REMAND AND
10   SPECIALIZED LOAN SERVICING, LLC,     DENYING AS MOOT DEFENDANTS'
     et al.,                              MOTION TO DISMISS
11                   Defendants.          Re: Dkt. No. 7, 19
12

13         Two motions are pending: (1) Plaintiffs Ramon and Blanca Hernandez's ("the plaintiffs")

14   Motion to Remand ("Remand Motion" or "Remand Mot.") [Dkt. No. 19], and (2) Defendants

15   Specialized Loan Servicing ("SLS") and MEB REO Trust VI's ("the Trust") Motion to Dismiss

16   ("MTD") [Dkt. No. 7].  After considering the papers filed in support and in opposition of the

17   instant motions, I deemed this matter appropriate for resolution without oral argument of counsel.

18   *See* Fed. R. Civ. P. 78.  For the following reasons, the plaintiffs' Remand Motion is GRANTED,

19   and the defendants' Motion to Dismiss is DENIED as moot.

20                                  **BACKGROUND**

21         In November 2006, Ramon and Blanca Hernandez ("the plaintiffs") took out a $62,500

22   second mortgage on their property, located at 715 Warden Ave, San Leandro, California (the

23   "Property"), and a first position mortgage on the same property for $500,000.  Complaint

24   ("Compl.") [Dkt. No. 1-1] ¶¶ 21, 23.  Both mortgages were memorialized in deeds of trust

25   recorded in Alameda County.  *Id.*

26         In October 2012, the plaintiffs entered a loan modification trial period plan with Bank of

27   America on their first position mortgage, which Bank of America informed them would "erase"

28   their second position loan.  *Id.* ¶ 26.  The plaintiffs allege that they stopped receiving periodic

statements on the loan from January 2011 to June 2018.  *Id.* ¶¶ 27, 28.  In June 2021, beneficial interest in the loan transferred from Countrywide Bank, N.A. to MEB REO Trust VI ("MEB Trust").  *Id.* ¶ 29.

The plaintiffs allege that on or about November 9, 2021, they received a letter from SLS (the alleged loan servicer) entitled "MATURED LOAN FULL PAYMENT DUE (Final Notice)," stating that the total balance on their loan had to be paid on or before December 1, 2021, the loan's original maturity date.  Compl. ¶ 38.  The plaintiffs applied for loan modification three times, which SLS largely denied.  *Id.* ¶¶ 40, 42.  They then contacted the Housing and Economic Rights Advocates ("HERA"); HERA proposed to SLS that the plaintiffs pay $80,000 to satisfy the loan; SLS ultimately rejected that proposal.  *Id.* ¶¶ 41, 44.

At this point, Mr. Hernandez reached out to SLS and spoke with an SLS agent who told him that paying between $70,000 - $85,000 would "resolve the entire problem." *Id.* ¶ 45.  The complaint alleges that the agent recommended that plaintiffs pay $85,000 and ask SLS for a document that would state that the loan was resolved.  *Id.*  After this conversation, on February 3, 2022, SLS sent the plaintiffs a letter informing them that a payment of $84,917.35 was required to reinstate their loan.  *Id.* ¶ 46.  Accordingly, the plaintiffs transferred SLS a total of approximately $85,000, believing that this would entirely resolve the loan.  *Id.* ¶ 48.  But soon thereafter, SLS sent another payoff demand quoting an outstanding balance of $51,097.44, which it claimed was needed to cure delinquency and avoid foreclosure.  *Id.* ¶ 49.  On June 23, 2022, SLS sent another payoff demand stating that the total amount due was $49,275.79.  The plaintiffs paid this amount as well.  *Id.* ¶¶ 53-54.

On August 21, 2022, the plaintiffs submitted a complaint to the Consumer Financial Protection Bureau (CFPB).  Upon contact from the CFPB, SLS denied that it had failed to send the plaintiffs periodic statements as it was required to do and stated that the account was not eligible for reinstatement at the time that SLS sent the reinstatement quote on February 3, 2022.  *Id.* ¶¶ 55-56.  SLS stated it "regret[ted] any confusion experienced due to the restatement quote sent on February 3, 2022." *Id.* ¶ 57.

On June 23, 2023, the plaintiffs filed their complaint in California Superior Court for the

United States District Court
Northern District of California

1    County of Alameda against Specialized Loan Servicing, LLC; MEB REO Trust VI; and CTC Real

2    Estate Services ("CTC").  *See generally* Compl.  The plaintiffs alleged that each defendant was a

3    California citizen.  *Id.* ¶¶ 3-7.

4         They assert that they "attempted to serve the summons and complaint on Defendant CTC

5    Real Estate Services via the entity the California Secretary of State previously listed as [its]

6    registered agent, CT Corporation, on July 6, 2023." Remand Mot. 12:1-3; *see* Dkt. 19-1, Ex. 1.

7    The entity they served, CT Corporation Systems, was listed as CTC's registered agent at the time

8    of its dissolution in 2015.  Dkt. 24-1.  The plaintiffs say that CT Corporation informed them days

9    after they served it that it was no longer the registered agent for CTC.  Remand Mot. 12:1-5.  They

10   also tried to serve another individual who served as a director for CTC throughout August 2023,

11   both before and after SLS filed its notice of removal on August 11, 2023, but they were "unable to

12   do so."  Remand Mot. 12:7-12; Dkt. 19-1, Ex. 2 (Declaration of Due Diligence showing that a

13   registered process server attempted to serve the former corporate director for CTC on seven

14   occasions between August 4, 2023, and August 27, 2023).

15        On August 11, 2023, defendants Specialized Loan Servicing, LLC ("SLS") and MEB REO

16   Trust VI (the "Trust"), removed the action to this court asserting diversity jurisdiction.

17   Defendants' Notice of Removal of Action Based on Diversity Jurisdiction ("Removal Notice")

18   [Dkt. No. 1].  The defendants alleged their own diverse citizenship from the plaintiffs but did not

19   address the citizenship of CTC, stating that "defendant CTC Real Estate Services has not been

20   properly served in the State Court Action and therefore do not need to join in or consent to this

21   removal," and that its citizenship should not be considered because it was not a properly named

22   party.  Removal Notice ¶ 12.  SLS and the Trust claimed that the plaintiffs meant to name

23   Computershare Title Services, a Delaware company, not CTC.  *Id.*  They also argued, seemingly

24   in the alternative, that CTC was a nominal party whose citizenship need not be considered.

25   Removal Notice ¶ 5.  The defendants also moved to dismiss the Complaint.  *See generally* MTD.

26   The plaintiffs moved to remand on September 11, 2023.  *See generally* Remand Mot.

27                                **LEGAL STANDARD**

28        A defendant sued in state court may remove the action to federal court if the action could

United States District Court
Northern District of California

United States District Court
Northern District of California

1   have been brought in federal court in the first instance.  28 U.S.C. § 1441(a).  A defendant may

2   remove "any civil action brought in a State court of which the district courts . . .  have original

3   jurisdiction." *Id.*  When a civil action is removed solely under § 1441(a), all defendants who have

4   been properly joined and served must join in or consent to the removal of the action.  28 U.S.C. §

5   1446.

6        Diversity removal requires complete diversity, meaning that each plaintiff must be of a

7   different citizenship from each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

8   "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to

9   allege affirmatively the actual citizenship of the relevant parties."  *Kanter v. Warner-Lambert, Co.*,

10  265 F.3d 853, 857 (9th Cir. 2001) (citing *Whitmire v. Victus Ltd. t/a Master Design Furniture,* 212

11  F.3d 885, 887 (5th Cir.2000)).  In determining whether there is complete diversity, district courts

12  may disregard the citizenship of a non-diverse defendant who has been fraudulently joined.

13  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing

14  *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).

15       Under the doctrine of fraudulent joinder, " [j]oinder of a non-diverse defendant is deemed

16  fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining

17  diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure

18  is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.,* 236 F.3d

19  1061, 1067 (9th Cir. 2001) (internal quotations and alteration omitted).  There are two ways to

20  establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability

21  of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v.*

22  *Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Cent. RR.*

23  *Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).  Fraudulent joinder is established the second way if a

24  defendant shows that an "individual[ ] joined in the action cannot be liable on any theory." *Ritchey*

25  *v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  A defendant invoking federal court

26  diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a

27  "general presumption against [finding] fraudulent joinder." *Id*. (citations omitted).

28       Finally, courts in this Circuit have repeatedly interpreted the Ninth Circuit's decision in

4

*ARCO Environ. Remed., LLC v. Dep't of Health and Eviron. Quality of the State of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) ("*ARCO*") alongside 28 U.S.C. § 1446(b) to mean that a defendant cannot present new grounds for removal for the first time in its opposition to a motion for remand. *See e.g. Lindsey v. WC Logistics, Inc*, 586 F. Supp. 3d 983, n. 4 (N.D. Cal. 2022); *Rader v. Sun Life Assur. Co. of Canada*, 941 F. Supp. 2d 1191 (N.D. Cal. 2013); *Macias v. Mission Linen Supply*, 2023 WL 1963862, at *3 (C.D. Cal. Feb. 10, 2023).

## DISCUSSION

## I.    REMOVAL WAS IMPROPER

The plaintiffs challenge removal on the ground that the defendants have failed to establish that complete diversity exists under 28 U.S.C. § 1332 because they and CTC are or were citizens of California.  The plaintiffs also argue that under 28 U.S.C. § 1446(b)(2)(A), CTC was required to join or consent to removal within 30 days of being served, and its failure to do so invalidates the removal.  The defendants disagree.  In the removal petition, they asserted that the plaintiffs *mistakenly* named CTC when they meant to name Computershare Title Services, LLC, a Delaware company, and for that reason CTC did not have to follow the procedures of a properly named defendant.  In their opposition to the Remand Motion, they argue that CTC was fraudulently joined.  And in both the removal notice and opposition to remand, they contend that CTC was a nominal party.  None of the defendants' arguments has merit for the reasons below.

### A.    There Is No Diversity Jurisdiction.

#### 1.    Service of CTC.

Plaintiffs allege that CTC is a citizen of California and that it was served properly according to the rules of serving dissolved corporations.  *See* Cal. Corp. Code § 2011 ("Summons or other process against [a dissolved corporation] may be served by delivering a copy thereof to an officer, director, or person having charge of its assets or, if no such person can be found, to any agent upon whom process might be served at the time of dissolution.").  CTC allegedly dissolved in 2015.  *See* Opposition to Remand ("Oppo.") [Dkt. No. 25] 10:1-2; Plaintiffs' Reply ("Repl.") [Dkt. No. 26] 3:22-24.  At the time of CTC's apparent dissolution, CT Corporation System was listed as its registered agent.  *See* Dkt. 24-1, Ex. 3.  On July 6, 2023, prior to the other defendants

1    seeking removal, the plaintiffs served CTC with the complaint via CT Corporation System.  *See*

2    Dkt. 19-1, Ex. 1.[1]

3         The defendants do not dispute that the plaintiffs followed the proper procedure for serving

4    a dissolved corporation.  They say that the plaintiffs were "unable to serve CTC with the

5    Complaint," apparently referring to CT Corp.'s statement that it was no longer CTC's registered

6    agent at the time of service.  Oppo. 1:20-21; *see* Dkt. No. 19-1, Ex. 1.  But it was the registered

7    agent at the time of dissolution, which is what counts under § 2011(b).  The plaintiffs followed the

8    proper procedure for serving CTC.

9              **2.    Plaintiffs Assert That CTC Is The Correct Defendant.**

10        In the Notice of Removal, the defendants claimed that the plaintiffs had "erroneously

11    named" CTC because it was no longer the trustee under the subject deed of trust at the time any of

12    the alleged wrongful acts occurred, meaning that its citizenship did not need to be considered.

13    Removal Notice ¶ 12.  Defendants insisted at removal, and insist now, that the plaintiffs meant to

14    name Computershare Title Services, LLC in their original complaint, because Computershare Title

15    Services, LLC was the trustee for the subject loan and deed of trust when the alleged misconduct

16    happened.  Oppo. 1; Removal Notice ¶ 5.

17        But the plaintiffs assert that they *did* intend to name CTC as a defendant because it was

18    apparently still named as the trustee under the Deed of Trust in February 2022 when the plaintiffs

19    made the approximately $85,000 payment that they contend required the defendants to reconvey

20    the Deed of Trust.  Remand Mot. 8:17-9:14; 14:20-27.  The plaintiffs argue that as the trustee,

21    CTC had the power to reconvey the Deed of Trust once it was paid off, and that CTC was not

22    removed as the trustee of the subject Deed of Trust until August 5, 2022, *after* the relevant

23    conduct.  *Id.* 15:4-7.  In this regard, I take judicial notice of the Substitution of Trustee and Full

24    Reconveyance form showing that on August 5, 2022, Computershare Title Services, LLC replaced

25    ──────────────

26    [1] CT Corporation informed the plaintiffs days after service that it was no longer the registered
     agent for CTC, at which point the plaintiffs tried to serve another individual who served as a
27    director for CTC Real Estate Services prior to the defendants filing for removal, but they were
     "unable to do so."  Remand Mot. 12:7-8.  This does not impact the propriety of the plaintiffs'
28    service on CTC.

United States District Court
Northern District of California

CTC Real Estate Services, which was the original trustee, as Trustee for the Property.  Plaintiffs'
Request for Judicial Notice ("Notice Request") [Dkt. No. 20] Goodell Decl. Ex. 2. [2]

In short, here, the plaintiffs have not admitted that CTC was the wrong party to serve; they
insist that it is a target of their suit.  Perhaps, after discovery, the defendants will prove them
wrong.  But this is irrelevant for purposes of whether this case must be remanded.  Courts in this
Circuit have found that unless a plaintiff admits that she has sued a supposedly erroneously named
defendant in error or otherwise that she has no claim against it, another defendant's argument that
she sued it in error is a substantive defense, not one to raise in opposition to remand.  *See Gebran
v. Wells Fargo Bank, N.A.*, 2016 WL 7471292, at *6 (C.D. Cal. Dec. 28, 2016).

### 3.    There Is No Diversity

CTC's citizenship is material for the analysis of diversity jurisdiction.  Plaintiffs served it
correctly.  In this situation, that the plaintiffs may have mistakenly sued the wrong party does not
inform whether diversity jurisdiction exists.  *See Gebran*, at *5-6 (citing *Shenkar v. Money
Warehouse, Inc.*, 2007 WL 3023521, at *2 (S.D. Fla. Oct. 15, 2007) and *Destefano v. Home
Shopping Network, Inc.*, 2006 WL539543, at *2 (M.D. Fla. Mar. 6, 2006)).  There is no diversity
jurisdiction in this case because the plaintiffs and one defendant are citizens of California.  The
defendants removed this case on the basis of diversity jurisdiction.  Removal Notice ¶ 8.  This
court lacks subject matter jurisdiction to hear this case.

### B.    The Defendant Unanimity Rule Also Applies

As shown above, the plaintiffs properly served CTC with the state court complaint through
its registered agent for service of process on July 6, 2023.  Under 28 U.S.C. § 1446(b)(2)(A), CTC
was required to join or consent to removal within 30 days of being served with the initial

---

[2] In their motion to remand, the plaintiffs argue that SLS and the Trust "did not provide any
evidence to support" the claim that CTC Real Estate Services was erroneously named.  Remand
Mot. 11:19-26.  In its opposition, the defendants cite two pieces of evidence in support of their
argument that CTC was erroneously named: (1) that CTC "did not have any involvement with the
subject loan or deed of trust following its corporate dissolution in 2015"; and (2) that CTC was
"no longer the trustee for the subject loan or deed of trust in 2021 and 2022 when Plaintiffs were
talking to SLS."  Oppo. 1.  This is contradicted by the Substitution of Trustee and Full
Reconveyance form.

United States District Court
Northern District of California

complaint for removal to be proper.  Its failure to do so defeats removal pursuant to the defendant unanimity rule, which requires that all defendants who have been properly named and served must consent to or join removal within 30 days of receipt by or service on that defendant of the initial pleading for removal to be proper.  28 U.S.C. § 1446(b)(2)(A).  The time limit for removal petitions is mandatory and a "timely objection to a late petition will defeat removal." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980); *see also Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (holding the same).

CTC was properly named and served as a defendant in the state court action before the case was removed, so it was required to join in the removal petition.[3]  *See infra* I(A)(1)-(2); *see also* Notice of Removal [Dkt. 1-3] (showing that the defendants removed on August 11, 2023); Remand Mot., Ex. 1 (proof of service on CTC Real Estate Services via its registered agent at time of disillusion, CT Corporation Systems, on July 6, 2023).  Its failure to do so also makes removal improper and, together with the plaintiffs' timely filed motion, requires remand.[4]

**C.    Defendants Cannot Raise a New Removal Justification for the First Time in Opposition to Remand.**

A defendant cannot present new grounds for removal for the first time in opposition to a motion for remand.  *See Lindsey v. WC Logistics, Inc.*, 586 F. Supp. 3d 983, n. 4 (N.D. Cal. 2022) (citing *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000)).  As I explain below, amendment may be permitted after the 30-day period following the filing of notice of removal if the amendment corrects defective allegations of jurisdiction.  The defendants do not seek to amend their notice of removal.  Instead, they present a new argument for why removal was appropriate in their opposition to the plaintiffs'

---

[3] The Ninth Circuit has held that the defendant unanimity rule only applies to defendants who were served prior to removal.  *See Baiul v. NBC Sports, a division of NBCUniversal Media, LLC*, 732 F. App'x 529, 531 (9th Cir. 2018), as amended (June 13, 2018) (holding that remand was inappropriate where there was no defect in the removal under § 1446 because the defendant who failed to consent to or join removal had not been served until after the other defendant had removed the case).  Here, the plaintiffs served CTC via the registered agent listed at the time of its disillusion *before* SLS removed to federal court.

[4] 28 U.S.C. § 1447 provides that if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Remand Motion.  *See* Oppo. 3-7.

2        The notice of removal argued that the plaintiffs had sued CTC by mistake or, in the

3    alternative, that it was a nominal party, not that CTC had been fraudulently joined for the purpose

4    of defeating diversity.  *See* Removal Notice ¶ 12; *see supra* I(A).  Yet in their opposition, the

5    defendants say that they were under no obligation to assert CTC's citizenship during removal

6    because CTC was fraudulently joined.  Oppo. 3:12-15.  If fraudulent joinder was a basis for

7    removal, the defendants needed to say so in the notice.

8        In *Lindsey v. WC Logistics, Inc*, the Hon. Edward Chen considered whether defendants in a

9    labor law case could assert for the first time in their opposition to remand that the requirements of

10   the Class Action Fairness Act ("CAFA") were satisfied when they did not assert as much in their

11   notice of removal, and where they did not invoke CAFA as a ground for removal jurisdiction.  *See*

12   *Lindsey*, 586 F. Supp. 3d 983, n. 4.  They did not seek leave to amend their notice of removal.

13   Judge Chen decided that the defendants could not raise the new CAFA argument because they

14   could not present new grounds for removal for the first time in opposition to remand.

15       Similarly, as SLS will recall, in *Dollaga v. Specialized Loan Servicing*, the Hon.

16   Jacqueline Corley rejected SLS's attempt to raise a new justification for removal jurisdiction in

17   opposition to remand.  *Dollaga v. Specialized Loan Servicing*, 2020 WL 7319355-JSC (N.D. Cal.

18   Dec. 11, 2020).  There, SLS argued in opposition to remand that removal was proper based on

19   both diversity jurisdiction and federal question jurisdiction, whereas in its removal notice, it had

20   only raised federal question jurisdiction.  *Id.* at *2.  There, as here, SLS did not seek leave to

21   amend its removal notice—it only advanced its new diversity jurisdiction argument in its

22   opposition to the plaintiff's motion for remand.  Accordingly, Judge Corley stated that she

23   "[would] not consider [SLS's] additional basis for removal offered for the first time in their

24   Opposition brief."  *Id.*

25       Here, like the defendants in *Lindsey* and itself in *Dollaga*, SLS asks me to consider a new

26   argument why CTC's citizenship did not need to be considered at removal, and it does not seek to

27   amend its notice of removal to correct defective jurisdiction allegations.  But different from those

28   cases, the basis for the defendants' argument about fraudulent joinder is not entirely unrelated to

their argument at removal that the plaintiffs mistakenly named CTC, and should have named Computershare Title Services, LLC.  In their Opposition, the defendants include the "mistake" argument as one of three reasons why they believe CTC was fraudulently joined.  While I find that the defendants improperly raised the fraudulent joinder argument in their opposition brief instead of the Notice of Removal and that as a result it does not affect the analysis of the remand motion, for completeness I will address it.  It lacks merit too.

### D.    CTC Was Not Fraudulently Joined.

Fraudulent joinder is established if a defendant can show that an individual who was joined in the action "cannot be liable on any theory."  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  Just because a claim is not plausible under Rule 12(b)(6)—meaning that it would not survive a motion to dismiss—does not mean that a defendant has been fraudulently joined. *See GranCare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 549 (9th Cir. 2018).  The question is whether there is a "*possibility* that a state court would find that the complaint states a cause of action against the [non-diverse] defendants." *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (emphasis added)).  Such a possibility makes removal inappropriate and necessitates remand.

The defendants argue that CTC's inclusion as a defendant constitutes fraudulent joinder because the plaintiffs "do not allege a single act of wrongdoing against CTC," and, according to the defendants, cannot establish any claims against CTC.  Oppo. 1:12-15.  I disagree because the plaintiffs make collective claims against the defendants and it is possible that the state court would find that plaintiffs could state a cause of action, perhaps after requiring more specific allegations.

In *GranCare v. Thrower by and through Mills*, the Ninth Circuit affirmed a district court's decision to remand a case back to state court after it determined that a particular defendant was *not* fraudulently joined because the plaintiffs had shown a "possibility of recovery" against the subject defendant.  889 F.3d 543, 549.  The court rejected defendant-appellant GranCare's arguments to the effect that the plaintiffs had not "adequately pleaded their claims" against the supposedly fraudulently joined defendant.  *See id.* at 552.  GranCare had asserted that the plaintiffs "erred in 'lumping' [the defendant at issue] with other defendants by alleging misconduct against all

defendants collectively," and argued that the plaintiffs did not "plead their claims with sufficient particularity." *Id.* But the court was unconvinced by these arguments because they went to the sufficiency—rather than the possible viability—of the plaintiffs' claims against the defendant, and as such did not establish fraudulent joinder. *Id.*

The Ninth Circuit was also unpersuaded by GranCare's argument that the correct standard for evaluating fraudulent joinder is analogous to a 12(b)(6) motion to dismiss standard. It agreed that the standards were similar, but not equivalent. *Id.* at 549. It explained that "[b]ecause the purpose of the fraudulent joinder doctrine is to allow a determination [of] whether the district court has subject matter jurisdiction, the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.* (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). That demands less of plaintiffs than does the 12(b)(6) standard. To show fraudulent joinder by establishing the plaintiff's inability to establish a cause of action against a non-diverse party in state court, a defendant must show that the "'individual[] joined in the action cannot be liable on *any* theory.'" *Id.* at 548 (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)) (emphasis added). If there is a "'*possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Id.* (quoting *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (internal quotations omitted) (emphasis in original)).

In this case, the defendants' argument that the "allegations in the complaint do not address any improper conduct . . . of CTC" is insufficient to oppose remand. Oppo. 2:14-23; *see GranCare*, 889 F.3d at 552. The plaintiffs properly served CTC Real Estate Services as a defendant, *see supra* A(1), and brought allegations against "the defendants" collectively. While the Complaint may not state a claim presently, the theory why they sued CTC (as articulated in the Motion for Remand [*see* Section A(2), above])) presents the possibility that the state court would find that a cause of action is (or could be) stated. Fraudulent joinder is not established.

### E.      CTC Was Not a Nominal Party.

Finally, the defendants argue both in their notice of removal and in opposition to remand

1    that CTC is a nominal party whose citizenship need not be considered when determining diversity

2    because it was merely the original trustee.  Oppo. 8:7-15.  Courts must "disregard nominal or

3    formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."

4    *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

5         The parties agree that CTC was the original trustee of the subject deed of trust.  The

6    documents that the plaintiffs have provided suggest that at least until August 5, 2022, CTC may

7    have had "all rights, title, estate, power, duty and trusts conferred by [the subject] Deed of Trust"

8    for the Property, given that it appeared to convey those same qualities to Computershare Title

9    Services through a "Substitution of Trustee and Full Reconveyance."  RJN Ex. 2.  This would

10   suggest that CTC had a potentially active role to play as trustee of the subject deed of trust.

11        In Opposition, the defendants cite to *Silva v. Wells Fargo Bank, N.A.*, arguing that the

12   plaintiffs have not made any allegations to transform CTC from a "nominal defendant to a real

13   party in the controversy."  2011 WL 2437514, at *5 (C.D. Cal. Jun. 16, 2011); Oppo. 8:16-23.

14   Their reliance on *Silva* is odd, given that in *Silva*, the court acknowledged that while the trustee on

15   a deed of trust is often a nominal party, because the plaintiffs' complaint asserted claims against

16   *all* defendants for money damages, the defendants in *Silva* had not met their burden of showing

17   that the contested defendant was only nominal.  *See Silva*, 2011 WL 2437514, at *5.  Here, too,

18   the plaintiffs have asserted claims for money damages against all named defendants, which

19   includes CTC.  *Silva* seems to support the plaintiffs more than it does the defendants.

20        While the allegations as stated in the complaint may not be sufficiently pleaded at this

21   point, they do not support that CTC was merely a nominal party whose citizenship can be

22   rightfully ignored when determining diversity.  The case should be remanded.

23   **II.    ATTORNEY'S FEES**

24        Costs and attorney's fees may be awarded against the defendants if their decision to

25   remove was objectively unreasonable.  Under 28 U.S.C. § 1447(c), the court may "require

26   payment of just costs and any actual expenses, including attorney fees, incurred as a result of

27   removal." 28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees

28   under § 1447(c) only where the party lacked an objectively reasonable basis for seeking removal."

United States District Court
Northern District of California

12

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  If "an objectively reasonable basis exists, fees should be denied." *Id.*

The defendants did not lack an objectively reasonable basis for seeking removal.  As explained above, the defendants adequately established the diverse citizenships of SLS and the Trust.  Although I disagree with their argument that CTC's citizenship can be disregarded, their argument is not objectively unreasonable.  This is particularly true because CTC was dissolved in 2015 and because the plaintiffs made collective, rather than specific, allegations against it.

The defendants' argument that CTC's citizenship can be disregarded under the fraudulent joinder doctrine is also not objectively unreasonable.  Under the doctrine of fraudulent joinder, "[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (internal quotations and alteration omitted).  The plaintiffs here failed to state specific facts concerning CTC or specifically allege how CTC participated in the wrongful acts they include in their complaint.  That does not defeat remand, as discussed above, but the argument is not objectively unreasonable.  *See Grancare*, 889 F.3d at 549 (granting that the standard for evaluating fraudulent joinder and evaluating a Rule 12(b)(6) motion to dismiss were similar, but not equivalent).  The plaintiffs' request for attorneys' fees is DENIED.

## CONCLUSION

For the reasons outlined above, the plaintiffs' Remand Motion is GRANTED and the defendants' Motion to Dismiss is DENIED as moot.  Plaintiffs' request for the award of attorney's fees is DENIED. This action is REMANDED to the Superior Court of the State of California, County of Alameda.

**IT IS SO ORDERED.**

Dated: December 6, 2023

William H. Orrick
United States District Judge